FILED IN CHAMBERS
U.S.D.C. Atlanta

APR 0 3 2004

LUTHER D. THOMAS, Clerk

By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL INDICTMENT |
| v. | NO. 1:04-CR-0195 |
| MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN, OMAR RASHAD TURRAL | |

THE GRAND JURY CHARGES THAT:

### COUNT ONE
(Conspiracy)

1. Between in or about May 2000, and on or about March 9, 2004, in the Northern District of Georgia, and elsewhere, defendants MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN, OMAR RASHAD TURRAL did willfully, knowingly and unlawfully combine, conspire, confederate, agree and have a tacit understanding with each other and others, known and unknown, to commit certain offenses against the United States, including the following:

   (a) To knowingly execute and attempt to execute a scheme and artifice to defraud insured depository financial institutions, as defined in Title 18, United States Code, Section 20, by knowingly submitting and causing to be submitted materially false qualifying information and documentation and other fraudulent representations to obtain mortgage loans from banks, including Washington Mutual and ABN AMRO, in violation of Title 18, United States Code, Section 1344.



(b) To devise a scheme and artifice to defraud mortgage lenders by submitting and causing to be submitted materially false qualifying information and documentation and other fraudulent representations to obtain mortgage loans, causing the Postal Service and other interstate carriers to be used and interstate wire transfers to be made to transmit the materially false representations, to fund said loans and for other purposes, all in furtherance of said scheme and artifice to defraud, in violation of Title 18, United States Code, Sections 1341 and 1343.

(c) To, with intent to deceive, falsely represent and cause to be represented certain social security numbers for the purpose of obtaining for the defendants, their co-conspirators and others fraudulently derived loan proceeds and for other purposes, in violation of Title 42, United States Code, Section 408(a)(7)(B).

(d) To willfully and knowingly and without law authority cause to be transferred and used means of identification of another person, including their name and social security number, with intent to commit the federal felony offenses of wire fraud, mail fraud and bank fraud as further described in paragraphs 1(a) and 1(b), 2, 3, and 4 of Count One and in Counts Two through Eleven of this Indictment and incorporated herein by reference, in violation of Title 18, United States Code, Section 1028(a)(7).

(e) To willfully, knowingly and without lawful authority cause to be produced, transferred and used unlawfully

identification documents and false identification documents and attempt to do so, which documents appeared to be issued under the authority of states of the United States, including false and counterfeit drivers licenses and state identification cards, said production, transfer and use being in and affecting interstate commerce, in violation of Title 18, United States Code, Section 1028(a)(1),(2) and (3).

(f) To knowingly and unlawfully conduct and attempt to conduct financial transactions which involved the proceeds of specified unlawful activity, that is, acts indictable under Title 18, United States Code, Sections 1341, 1343, and 1344, being mail fraud, wire fraud and bank fraud as further described in paragraphs 1(a) and 1(b), 2, 3 and 4 of Count One and in Counts Two through Eleven of this Indictment which are incorporated herein by reference, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity with the intent to promote the carrying on of the specified unlawful activity, and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of the specified unlawful activity, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(i).

(g) To knowingly and unlawfully engage in monetary transactions in the United States which affected interstate

commerce, involving criminally derived property of a value greater than $10,000, that was derived from specified unlawful activity, that is acts indictable under Title 18, United States Code, Sections 1341, 1343 and 1344, being mail fraud, wire fraud and bank fraud as further described in paragraphs 1(a) and 1(b), 2, 3, and 4 of Count One and in Counts Two through Eleven of this Indictment which are incorporated herein by reference, in violation of Title 18, United States Code, Section 1957.

2. At time relevant to this conspiracy:

(a) Defendant MARK ANTHONY REYNOLDS recruited straw borrowers and arranged for stolen borrower identities to be used for mortgage loans to purchase real estate at inflated prices with money returned to the co-conspirators at closing through payments to the seller and to companies controlled by defendant REYNOLDS and his co-conspirators. Defendant REYNOLDS used defendant BRIDGETTE ROCHELLE GREEN and other loan originators and processors to submit mortgage loan packages containing false qualifying information to lenders to obtain said loans.

(b) Defendant BRIDGETTE ROCHELLE GREEN originated and/or processed mortgage loans for Northpoint Home Loans, Challenge Mortgage and Millennium Group Mortgage, receiving brokerage commissions and other benefits for the fraudulent loan packages she caused to be submitted to lenders.

(c) Defendant OMAR RASHAD TURRAL sold student names, social security numbers and identities obtained from a Florida university for use as borrowers on mortgage and other loans.

3. It was a part of the conspiracy and the objects thereof for the defendants and their co-conspirators:

(a) To contract or otherwise arrange for the purchase of residential properties in the Atlanta, Georgia area at artificially inflated prices.

(b) To recruit, pay or induce others, commonly referred to as "straw borrowers," to sign and submit documents containing false qualifying information to banks and mortgage companies to obtain mortgage loans in the artificially inflated amounts.

(c) To use the stolen identities of other people as straw borrowers for the purpose of fraudulently obtaining mortgage loan proceeds.

(d) To recruit others to obtain false and counterfeit drivers licenses and state identification cards to "stand in" at certain mortgage loan closings under the stolen borrower identities.

(e) To falsely represent that required down payment amounts were paid from borrower funds.

(f) To falsely represent that the property would be the primary residence of the straw borrowers.

(g) To use shell or other companies of the defendants and their co-conspirators and friends to falsify borrower employment and to receive loan proceeds.

(h) To use portions of the fraudulently obtained mortgage loan proceeds to make payments to closing attorneys, identity sellers, mortgage brokers, appraisers, scheme orchestrators, recruiters, straw borrowers and/or other co-conspirators and to pay other expenses incurred in arranging fraudulent mortgage loans such as borrower down payments with cashiers checks and other checks generated from scheme proceeds, either through the cash out or the deposit of mortgage loan settlement checks payable to shell and other companies controlled by co-conspirators and settlement checks payable to the straw sellers.

4. In furtherance of this conspiracy, and to effect the objects and purposes thereof, various overt acts were committed by the defendants and their co-conspirators within the Northern District of Georgia and elsewhere, including, but not limited to, the following:

(a) On or about the dates listed below, in the metropolitan Atlanta, Georgia area, defendants MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN and OMAR RASHAD TURRAL and their co-conspirators caused to be prepared and used materially false borrower qualifying information and supporting documentation

regarding employment, income, assets, liabilities and/or identity for submission to the below listed original lenders and any purchasers of these loans, including false and counterfeit pay stubs, tax returns, W2 tax forms, rent payments, bank and brokerage statements, earnest money payments, primary residence certifications, Verifications of Deposit, Employment, Rent and Mortgage and/or borrower names and social security numbers:

| Date | Property Address | Borrower | Lender | Loan Amt |
|---|---|---|---|---|
| 11/29/01 | 423 Boulevard, Unit 1 Atlanta, Georgia | Sabrina Brock | Georgetown/ Washington Mutual | $151,900 |
| 12/21/01 | 609 East Avenue Atlanta, Georgia | James Lewis | Georgetown/ Washington Mutual | $292,500 |
| 2/8/02 | 1984 Swazey Drive Decatur, Georgia | James Lewis | Georgetown/ Washington Mutual | $211,500 |
| 2/20/02 | 940 East lake Drive Decatur, Georgia | Terraca McDaniel | Georgetown/ Washington Mutual | $289,750 |
| 8/2/02 | 66 Doyle Street Atlanta, Georgia | Ogechi Ikediobi | Alliance Mortgage | $290,700 |
| 10/30/02 | 2871 Tupelo Street Atlanta, Georgia | Ogechi Ikediobi | ABN AMRO Mortgage | $265,050 |
| 1/23/03 | 3966 Glen Park Drive Lithonia, Georgia | Ogechi Ikediobi | Service First Mortgage | $395,000 |

(b) In or about October 2001, defendant MARK ANTHONY REYNOLDS recruited Sabrina Brock to make money as a straw borrower or "real estate investor" by attending mortgage loans closings in the Northern District of Georgia for the properties at 423 Boulevard and 1456 Gault Street, Atlanta, Georgia.

7

(c) During the course of this conspiracy, defendant OMAR RASHAD TURRAL provided the stolen student and other identities of James Lewis, Terraca McDaniel, Ogedhi Ikediobi, Mark Gendi and Susan Clark for use by defendant MARK ANTHONY REYNOLDS and defendant BRIDGETTE ROCHELLE GREEN and other loan originators and processors to obtain mortgage loans for properties in the Northern District of Georgia.

(e) During the course of this conspiracy, defendant OMAR RASHAD TURRAL charged $10,000 per use of each identity provided to be paid from loan proceeds into his Atlanta area bank account or through other co-conspirators.

(f) During the course of this conspiracy, while employed by a number of mortgage brokerage firms in the Northern District of Georgia, defendant BRIDGETTE ROCHELLE GREEN submitted and caused to be submitted loan packages containing false and misleading information about borrower income, assets and/or identity and property value to lenders to obtain artificially inflated mortgage loans for unqualified borrowers referenced above in paragraph 4(a) of Count One of this Indictment.

(g) During the course of this conspiracy, defendants MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN and OMAR RASHAD TURRAL and their co-conspirators caused banks, out-of-state mortgage companies and other mortgage lenders and loan purchasers to receive by interstate wire communications, being facsimiles, and by the

Postal Service and other interstate carriers loan packages originated in the Northen District of Georgia containing false borrower qualifying information to obtain artificially inflated mortgage loans, including those referenced above in paragraph 4(a) of Count One of this Indictment.

(h) During the course of this conspiracy, defendants MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN and OMAR RASHAD TURRAL and their co-conspirators caused banks, out-of-state mortgage companies and other mortgage lenders to wire transfer and send by the Postal Service and other interstate carriers loan proceeds to closing attorneys and originating lenders located in the Northern District of Georgia to fund fraudulently obtained mortgage loans for properties located in the Atlanta, Georgia area, including those listed above in paragraph 4(a) of Count One of this Indictment.

(i) On or about December 26, 2001, February 8, 2002 and February 20, 2002, in the Northern District of Georgia, defendant MARK ANTHONY REYNOLDS received three checks from the loan proceeds of the 609 East Avenue, 1984 Swazey Drive and 940 East Lake, all payable to Platinum Financial Group, in the respective amounts of $164,655.10, $92,561.28 and $128,970.90, which defendant REYNOLDS negotiated through a co-conspirator and the Platinum Financial bank account of a co-conspirator and thereafter paid his co-defendants, other co-conspirators and scheme expenses.

(j) Counts Two through Twenty are incorporated herein by reference as additional overt acts.

All in violation of Title 18, United States Code, Section 371.

### COUNTS TWO THROUGH TEN
### (Wire Fraud)

1. The Grand Jury realleges and incorporates herein by reference paragraphs 2, 3 and 4 of Count One of this Indictment as if fully set forth herein.

2. Between in or about May 2000, and on or about March 9, 2004, in the Northern District of Georgia and elsewhere, defendants MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN and OMAR RASHAD TURRAL, aided and abetted each other and by others, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud mortgage lenders and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

3. On or about the following dates, in the Northen District of Georgia, the below listed defendants, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did cause to be transmitted in interstate commerce, by means of wire communication, certain signs, signals and sounds, that is, the defendants caused interstate facsimiles of loan applications, qualifying documents, title commitments and binders, HUD-1s and/or funding authorizations to be sent to and from the below listed lenders to obtain approval for the below

listed loans, and also caused the below listed wire transfers of money to be sent in interstate commerce from out-of-state accounts of mortgage companies and banks to closing attorneys and originating lenders and in the Northern District of Georgia, to fund fraudulently obtained mortgage loans in the name of the unqualified borrowers for the below listed properties:

| Count | Date of Wire Transfer | Defendants | Lender/approx Wire Amount | Borrower/Property |
|---|---|---|---|---|
| 2 | 10/30/01 | REYNOLDS | National City Mtg d/b/a Accubanc $197,910 | Sabrina Brock 1456 Gault Street Atlanta, Georgia |
| 3 | 11/29/01 | REYNOLDS & GREEN | Georgetown/ Washington Mutual $151,900 | Sabrina Brock 423 Boulevard, Unit 1 Atlanta, Georgia |
| 4 | 12/21/01 | REYNOLDS, GREEN & TURRAL | Georgetown/ Washington Mutual $292,500 | James Lewis 609 East Avenue Atlanta, Georgia |
| 5 | 2/8/02 | REYNOLDS, GREEN & TURRAL | Georgetown/ Washington Mutual $211,500 | James Lewis 1984 Swazey Drive Decatur, Georgia |
| 6 | 2/20/02 | REYNOLDS, GREEN & TURRAL | Georgetown/ Washington Mutual $289,750 | Terraca McDaniel 940 East Lake Drive Decatur, Georgia |
| 7 | 8/2/02 | REYNOLDS, GREEN & TURRAL | Alliance Mortgage $287,793 | Ogechi Ikediobe 66 Doyle Street Atlanta, Georgia |
| 8 | 10/30/02 | REYNOLDS, GREEN & TURRAL | ABN AMRO Mortgage $265,050 | Ogechi Ikediobe 2871 Tupelo Street Atlanta, Georgia |
| 9 | 1/23/03 | REYNOLDS, GREEN & TURRAL | Service First Mortgage $395,000 | Ogechi Ikediobe 3966 Glen Park Drive Lithonia, Georgia |
| 10 | 9/6/02 | REYNOLDS & TURRAL | National City Mortgage $226,759.73 | Marc Gendi 1313 Avon Avenue Atlanta, Georgia |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNT ELEVEN
### (Mail Fraud)

1.  The Grand Jury realleges and incorporates herein by reference paragraphs 2, 3 and 4 of Count One of this Indictment as if fully set forth herein.

2.  Between in or about October 2001 to on or about March 9, 2004, in the Northern District of Georgia and elsewhere, defendants MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN and OMAR RASHAD, aided and abetted by each other and by others, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud banks and other mortgage lenders to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

3.  On or about September 6, 2002, in the Northern District of Georgia, defendants MARK ANTHONY REYNOLDS and OMAR RASHAD TURRAL, aided and abetted by others, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did cause Greenpoint Mortgage to mail a check in the approximate amount of $323,000 to fund the mortgage loan in the stolen identity of Susan Clark for 110 Heather Ridge Court in Fairburn, Georgia, said check to be delivered by an interstate carrier to a Northern District of Georgia closing attorney, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS TWELVE THROUGH TWENTY
(False Social Security Numbers)

On or about the dates listed below, in the Northern District of Georgia, the below listed defendants, aided and abetted by each other and by others, with intent to deceive, did falsely represent and cause to be represented to each lender listed below a social security number to be the social security number assigned by the Commissioner of Social Security to the individuals appearing or purporting to appear at each loan closing, for the purpose of fraudulently obtaining for the defendants, their co-conspirators and for others benefits to which each individual was not entitled and for other purposes, when in fact as the defendants well knew, the social security number was not so assigned to said borrower:

| Count | Date | Defendant | Lender/Borrower | Benefit |
|---|---|---|---|---|
| 12 | 12/21/01 | REYNOLDS, GREEN & TURRAL | Georgetown/ Washington Mutual James Lewis | $292,500 loan for 609 East Avenue Atlanta, Georgia |
| 13 | 2/8/02 | REYNOLDS, GREEN & TURRAL | Georgetown/ Washington Mutual James Lewis | $211,500 loan for 1984 Swazey Drive Decatur, Georgia |
| 14 | 2/20/02 | REYNOLDS, GREEN & TURRAL | Georgetown/ Washington Mutual Terraca McDaniel | $289,750 loan for 940 East Lake Drive Decatur, Georgia |
| 15 | 8/2/02 | REYNOLDS, GREEN & TURRAL | Alliance Mortgage Ogechi Ikediobe | $290,700 loan for 66 Doyle Street Atlanta, Georgia |
| 16 | 10/30/03 | REYNOLDS, GREEN & TURRAL | ABN AMRO Mortgage Ogechi Ikediobe | $265,050 loan for 2871 Tupelo Street Atlanta, Georgia |
| 17 | 1/23/03 | REYNOLDS, GREEN & TURRAL | Service First Mortgage Ogechi Ikediobe | $395,000 loan for 3966 Glen Park Drive Lithonia, Georgia |

| Count | Date   | Defendant          | Lender/Borrower                        | Benefit                                                     |
|-------|--------|--------------------|----------------------------------------|-------------------------------------------------------------|
| 18    | 9/6/02 | REYNOLDS & TURRAL  | National City Mortgage<br>Marc Gendi   | $229,500 loan for 1313 Avon Avenue Atlanta, Georgia         |
| 19    | 11/02  | REYNOLDS & TURRAL  | Greenpoint Mortgage<br>Marc Gendi      | $225,000 loan for 1665 Avon Avenue Atlanta, Georgia         |
| 20    | 9/6/02 | REYNOLDS & TURRAL  | Greenpoint Mortgage<br>Susan Clark     | $323,000 loan for 110 Heather Ridge Fairburn, Georgia       |

All in violation of Title 42, United States Code, Section 408(a)(7)(B) and Title 18, United States Code, Section 2.

## FORFEITURE PROVISION

1. Upon conviction of the offense alleged in Count One of this Indictment, defendants MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN and OMAR RASHAD shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(2) all property constituting or derived from proceeds any defendant obtained directly or indirectly as a result of the offense, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of the said violations.

2. Upon conviction of one or more of the offenses alleged in Counts Two through Eleven of this Indictment, defendants MARK ANTHONY REYNOLDS, BRIDGETTE ROCHELLE GREEN and OMAR RASHAD shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) all property, real or personal, which

constitutes or is derived from proceeds obtained directly or indirectly as a result of the said violations.

3. If, as a result of any act or omission of a defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been co-mingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant Title 21 United States Code, Section 853(p), as incorporated by Title 18 United States Code, Section 982 (b) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

A  _____TRUE_____ BILL

_____
FOREPERSON

WILLIAM S. DUFFEY, JR.
UNITED STATES ATTORNEY

*Gale McKenzie*
GALE McKENZIE
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404/581-6045
Bar Number 484900



ATTEST: A TRUE COPY
CERTIFIED THIS
AUG 2 0 2008
James N. Hatten, Clerk
By: _____
Deputy Clerk